# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**RUBEN VALERIO-MENDEZ,**          :

    **Plaintiff**          :

    **v.**          :

**JOSEPH J. YEAGER, ESQ.,**          :

    **Defendant**          :

**CIVIL ACTION NO. 3:13-0453**

**(JUDGE MANNION)**

## M E M O R A N D U M

On February 20, 2013, the plaintiff, an inmate at the State Correctional Institution, Dallas, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). In addition, the plaintiff filed a motion to proceed *in forma pauperis*, (Doc. No. 2), and a prisoner authorization form, (Doc. No. 3). A financial administrative order was issued directing the Superintendent/Warden at SCI-Dallas to deduct the applicable filing fee for the instant action from the plaintiff's inmate account. (Doc. No. 6). As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B)[1]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will enter an order dismissing the action.

---

[1]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In his complaint, the plaintiff alleges that he retained defendant Yeager, a private attorney, to defend him in a criminal matter. The plaintiff alleges that defendant Yeager failed to provide him with the services for which he paid. As a result, the plaintiff alleges that he was denied his constitutional rights. The plaintiff is seeking compensatory damages.

In order to state a claim under 42 U.S.C. §1983, the plaintiff must show that defendant Yeager acted under the color of state law and denied him a federally protected constitutional or statutory right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir.1994). Because the plaintiff has sued a private individual for actions taken in his role as an attorney, he must point to some action that is "fairly attributable" to the state. Lugar, 457 U.S. at 937. To do this, the plaintiff must show: (1) that defendant Yeager's acts were "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) that defendant Yeager may fairly be said to be a state actor. Id.

A person may be found to be a state actor when: (1) he is a state official, (2) "he has acted together with or has obtained significant aid from state officials," or (3) his conduct, is by its nature, chargeable to the state. Id. at 937. The Supreme Court noted that "[w]ithout a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them."

2

Id. at 937.

Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court. See, e.g., Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983.); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of §1983.").

Here, because defendant Yeager is a private attorney and not acting under color of state law within the meaning of §1983, the plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. Further, because defendant Yeager does not act under color of state law, the court finds that it would be futile to allow the plaintiff to file an amended complaint.

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 4, 2013**